IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KELLY WHISBY,
    Plaintiff,

vs.                               5:10cv173/RS/MD

JOHN DOE, et al.
    Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Because he had not filed either the $350.00 filing fee or a motion to proceed *in forma pauperis*, he was directed to do so. His motion for leave to so proceed is now pending before the court. Upon review of the plaintiff's complaint, applicable statutes and controlling case law, as well as court records from this court and the Middle District of Florida, the court finds that this complaint is subject to summary dismissal.

Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner

who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice of the fact that in the Middle District of Florida, plaintiff has had the following cases dismissed as frivolous, malicious, or for failure to state a claim: Case 3:09cv1178, dismissed on December 8, 2009 as frivolous, case 3:09cv1257 dismissed on December 28, 2009 pursuant to 28 U.S.C. § 1915(e)(2)(B) generally, case 3:10cv151 dismissed on February 23, 2010 as frivolous, and case 3:10cv152 dismissed on February 26, 2010 as frivolous.

Plaintiff must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.* In this case, plaintiff who is currently incarcerated at the Duval County Jail, names six John Doe defendants who are employed at FCI Marianna. He complains that in May of 2006, he was moved from the general population to the Special Housing Unit without notice or a hearing, and alleges violations of his Eighth Amendment and Due Process rights. He seeks monetary and punitive damages. Clearly these allegations, which reference actions that occurred over four years ago, do not suggest that he is under imminent danger of serious injury. Thus, they do not entitle him to avoid the bar of § 1915(g) and proceed *in forma pauperis* in this case. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, this action should be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.

*Case No: 5:10cv173/RS/MD*

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 4) is DENIED.

And it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 4th day of August, 2010.

*/s/ Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).